UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

REPORT AND RECOMMENDATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert K. Vonoczky,

    Petitioner,

vs.

Marty C. Anderson, Warden
FMC, and J. Schmidt, Case
Manager FMC,

    Respondents.    Civ. No. 06-2422 (JNE/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see, Title 28 U.S.C. §2241. The Petitioner appears pro se, and the Respondents appear by Michael A. Dees, Assistant United States Attorney. For reasons which follow, we recommend that the Petition be denied, as moot.

## II. Discussion.

In November of 1994, the Petitioner was convicted by the United States District Court for the District of New Jersey, for carjacking, in violation of Title 18 U.S.C. §2119, as well as for the possession of a firearm during the commission of a carjacking, in violation of Title 18 U.S.C. §924(c)(1).  See, Docket No. 2, at unnumbered p. 14.  He was sentenced to two-hundred ten (210) months in prison, three (3) years of supervised release, and a $100.00 felony assessment.  Id.  He is currently incarcerated at the Federal Medical Center, in Rochester, Minnesota.  See, Petition, Docket No. 1, at ¶1.  In addition, the Petitioner was convicted by the State of New Jersey for bringing a stolen automobile into the State, as well as for theft of movable property.  He was sentenced by the New Jersey State Court to five (5) years imprisonment -- to run concurrently with his Federal sentence -- and was ordered to pay $4,000.00 in restitution.  Docket No. 2, at unnumbered p. 10.

In his Petition, the Petitioner alleges that the Bureau of Prisons ("BOP") lacks the authority, or jurisdiction, to collect the restitution payments required by his State sentence, while he remains incarcerated, and he seeks relief from this Court to prevent the BOP, and the Respondents, from collecting those payments at this time.  The Respondents argue that the relief the Petitioner seeks is not available under the Federal

Habeas Corpus statutes, which provide a remedy only for prisoners who are challenging the fact or duration of their confinement. See, Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy"). Furthermore, the Respondents contend that the Petitioner has failed to exhaust his administrative remedies. See, Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011 (8th Cir. 1974).

In response, the Petitioner wrote a letter to the Court which advises "that I have took [sic] care of my case by contacting New Jersey and sentencing Judges [sic] and they have amended my court judgment that [sic] I pay [sic] my fines when I'm released." Docket No. 14, at p. 1. In addition, the Petitioner wrote as follows:

> And I ask you and the Court to Dismiss this case as moot Cause [sic] my family has paid my assessments and my other fines are to be paid when I'm released and as right now [sic] the issue has been solved so please Your Honor dismiss this matter before you against the Respondents.

Id. at p. 2.

Accordingly, in light of the Petitioner's response, we are satisfied that the issues raised by his Petition have been fully resolved, and therefore, we recommend that the Petition be dismissed, as moot.[1]

    NOW, THEREFORE, It is –

---

[1] The Petitioner has also filed a self-styled Motion for Injunctive Relief that would prevent the Respondent J. Schmidt from removing money from the Petitioner's account to satisfy the State Court Judgment.  See, <u>Docket No. 2</u>.  As we recommend that the Petition be dismissed as moot, and in light of the Petitioner's representations that the controversy has been resolved, we further recommend that the Petitioner's Motion for Injunctive Relief be denied as moot.

RECOMMENDED:

1.    That the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed as moot.

2.    That the Petitioner's Motion for Injunctive Relief [Docket No. 2] be dismissed, as moot.

Dated: September 11, 2006          *s/Raymond L. Erickson*

                                                              Raymond L. Erickson
                                                              CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Federal Rule of Civil Procedure   6[a], D. Minn. LR1.1[f], and D. Minn. LR72.1[c][2], any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than September 28, 2006**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.   Failure to

comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of the Hearing by no later than **September 28, 2006,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.